JOHN T. WATERHOUSE, HENRY WATERHOUSE, and
    WILLIAM WATERHOUSE *v.* MARY RICE, WIL-
    LIAM WATERHOUSE DIMOND and HENRY DI-
    MOND.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 17, 1895.          DECIDED JULY 20, 1895.

JUDD, C.J., AND FREAR, J.

(Mr. Justice Bickerton did not join in the decision, being ill,
    and, by stipulation of parties, the decision is by the remain-
    ing Justices.)

A testator, after making certain specific devises, devised the residue
    of his estate to his wife for life, with remainder in undivided
    shares to his children and grandchildren, and gave his executors
    power to manage his business, change investments, and sell any
    of the estate not specifically devised; he also directed that the
    executors should not be compelled to deliver possession to the
    grandsons within five years after the decease of his wife; the wife
    died about three years before the testator.

Held, that the power of sale was not intended to be exercised after the
    decease of the wife, and that the clause postponing the possession
    of the grandsons was void.

OPINION OF THE COURT BY FREAR, J.

This is a bill in equity for a declaratory decree upon the
rights, duties and powers of the plaintiffs who are named as
executors and trustees under the will and codicils of John
Thomas Waterhouse, deceased.

The testator, after nominating his wife and his three sons, the
plaintiffs, "as executors and trustees," devises all his lands to
his wife for life.    After her decease he gives his homestead

premises in Honolulu to his sons John Thomas and Henry in fee, and his dwelling house and premises in Cedar Rapids, Iowa, to his son William for life with remainder over to other mentioned devisees. He then gives all his other property, real, personal and mixed, to his wife for life, "and from and immediately after her death" he gives the same in equal one-fifth shares as follows, one-fifth to each of his three sons, the plaintiffs, one-fifth to his daughter, defendant herein, and one-fifth to his two grandsons, defendants herein, with a direction that the grandsons shall not come into possession of their share before reaching the age of twenty-one years respectively. He then continues: "And I do further hereby direct that my said executors and trustees may in their discretion carry on my mercantile business in its various branches and change and vary any of my investments, stocks or securities and reinvest the proceeds thereof and invest any of the moneys of my estate and change such investments and sell at public or private sale any of my real estate (except said homestead premises in said Honolulu and said dwelling house and premises in said Cedar Rapids) and execute good and sufficient deeds of conveyance according to the tenure of lands so sold to the purchaser or purchasers thereof as my said trustees and executors may from time to time think proper."

The first codicil provides as follows: "I do now will and direct that my executors and trustees shall not be required or compelled by my said grandsons or either of them to distribute or account to them or either of them for any personal property or the proceeds thereof within eighteen months after my said wife's decease, or any real estate or the proceeds thereof within five years thereafter.

"And also that if either of my said grandsons shall die before coming into possession of all his share or any part thereof under my said will or this codicil, the same shall go to his lawful issue if any then living, and failing such issue then living to my sons and daughter named in my said will.

"And in all other respects I confirm my said will."

The testator died January 8, 1895; his grandsons had already arrived at the age of twenty-one years; and his wife had died more than eighteen months (but less than five years) before, namely, December 2, 1891.

The question upon which instructions are asked is whether, as to the real estate devised to the grandsons, the plaintiffs are merely executors for the purposes of administration, or in addition either trustees or donees with power to sell. The Circuit Judge, from whose decree this appeal is taken, held that they are merely executors without power to sell.

The power of sale contained in the will is without express limit as to the time within which it might be exercised; but, since it is given to the executors personally and without any expressions showing an intention that it should continue longer, it may, taken by itself, be considered as limited by implication to the lives of the executors and therefore not void by the rule against perpetuities. See 2 Wash. Real Prop. 4th Ed. 673.

But there are provisions in other parts of the will and codicil which limit the exercise of the power to a shorter period, and the main issue is whether it is limited by the will to the life of the wife or by the codicil to a period extending five years longer. If limited to the life of the wife, it never came into existence, because she died before the testator. If made to extend five years longer it has until December 2, 1896, or nearly a year and a half yet to run. That the exercise of the power was intended not to extend beyond the latter period, is evident from the fact that within that time every devisee of the estate covered by the power, whether particular tenant or remainder-man, is to be or become vested of his estate by direct devise, and there is no intention expressed or implied that these estates should be subject to an exercise of the power thereafter and no necessity or conceivable reason for a grant of such power to be exercised thereafter. "That in a will the power was intended to continue after the ultimate remainder-man had become clothed with the legal fee is so highly improbable, that such

intention would have to appear in the most unmistakable manner." Gray, Rule Against Perp., Sec. 493.

We are further of the opinion that the power was intended by the testator to be exercised only during the life of his wife. The power is one to carry on the testator's extensive mercantile business and to sell any of his estate, real or personal, except what is specifically devised. This is a provision that would naturally be made for the benefit of the wife during the continuance of her life estate and there was apparently no reason for extending it beyond that time. On the other hand there is manifested an intention that it should not extend beyond that time, for immediately after her death all of his property is devised directly to each of the testator's sons and daughter and to his grandsons in the proportions named, without qualification except as to the share of the grandsons—showing clearly that the power was not intended to continue with reference to the other four shares. And, since the power is given expressly with reference to every portion of this property—all five shares—so long as it extends to any, and since there is nothing in the will or codicil requiring its continuance for a longer period as to the share of the grandsons alone, we must conclude that it was not intended to so continue. It was evidently intended to continue only so long as the estate was kept together, that is, during the life of the wife, and for her benefit. The testator did not intend that the executors should have power to carry on the mercantile business and sell property after the sons and daughter had become absolutely entitled to their several shares and might compel partition at any time.

We have thus far considered the express power to sell as a mere power and not as coupled with a trust or as implying a trust. This seems to be all it amounts to. It is in terms a mere power, and does not require title in the executors any more than a power to carry on business and sell property at discretion would require title in an agent. On the contrary, the title to all the estate that it affects is expressly and directly given to those beneficially interested. See 1 Wms. Ex., 6th

Ed., 725. But whether it implied a trust or not, it ceased, as we have found, upon the death of the wife.

If a trust is created or implied by other portions of the will, or codicil, it is a general trust without power to sell except by decree of court upon cause shown. For a trustee has not, as a rule, power to sell merely by virtue of his office. There must in general be an express or implied grant of power in the instrument creating the trust aside from the express or implied creation of the trust itself. But we do not find that any trust (except for the purposes of administration) was created to extend after the death of the wife, whatever may have been the intention with reference to a trust prior to that time.

The direction in the will that the grandsons should not come into possession until they arrived at the age of twenty-one years respectively does not imply a trust. The share of the grandsons was devised directly to and became vested in them in precisely the same way as the other shares were devised to and became vested in the sons and daughter, and the attempt to postpone the possession of the grandsons' share not only does not imply a trust, but if this share were devised directly to the executors in trust to deliver the possession to the grandsons at the age of twenty-one, the provision would be void and they would be entitled to possession at once. Gray, *supra*, Ch. IV. The testator apparently intended to clothe the executors to some extent with the powers of guardians, which does not imply title in them; but, assuming that he used apt words to clothe them with such powers, they could not extend beyond the period of minority, that is, under our statute, beyond the age of twenty years.

The first clause of the codicil is merely an attempt to lengthen the period of postponement mentioned in the will and, taken by itself, is void. Gray, *supra*.

The second clause of the codicil, if valid, does not require title in the trustees any more than in the grandsons, or any more than the limitations over in the clause of the will in which the premises in Cedar Rapids are devised to the son William

requires the title to those premises to be in the executors during his life.

No doubt the testator, if he had so desired, might have created a valid trust for five years after the death of his wife for the protection of others, if any, who might during that time become interested in the property, but he did not do so. The attempted postponement was evidently intended only for the benefit of the grandsons. This is shown by the postponement provided for in the will, which affects them only, and of which the first clause of the codicil is only an extension, and by the fact that the executors might deliver possession to the grandsons at any time even within the five years. The intention was not to protect others in whose favor the estate devised to the grandsons might become divested, but apparently to prevent the grandsons from coming into possession before they would, in the opinion of the executors, be likely to make a proper use of the estate.

Whether the estate or any part thereof which has become vested in the grandsons would become divested under the second clause of the codicil in case of the death of either before actually coming into possession is a question which does not concern the executors at present. That clause does not authorize the executors to withhold from the grandsons their shares. If either of the grandsons dies before actually receiving his share then it will be time to decide whether that is a valid divesting clause. See *Bubb v. Padwick*, L. R. 13 Ch. D. 517; 2 Jarm., Wills, 813 *et seq*.

The decree of the Circuit Judge is affirmed.

*A. S. Hartwell*, for plaintiffs.

*W. A. Kinney* and *F. M. Hatch*, for defendants.